145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Mario LOGARTA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70810, Ads-iny-ffy.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Submitted May 14, 1998**
 
 
 3
 Victor Mario Logarta, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)[1], and we deny the petition.
 
 
 4
 To the extent that the BIA incorporated the IJ's decision, we review the IJ's decision. See Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996). Except to that extent, we review the BIA's decision. See id.
 
 
 5
 We review factual determinations of a petitioner's statutory eligibility for asylum under a "substantial evidence" standard. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). To obtain reversal of an adverse decision, the petitioner must show that "the evidence not only supports that conclusion, but compels it." See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
 
 
 6
 Logarta contends that the BIA erred by finding that he failed to establish a well-founded fear of persecution on account of imputed political opinion based upon his refusal to assist the New People's Army ("NPA"). This contention lacks merit.
 
 
 7
 Because Logarta failed to offer any direct or circumstantial evidence that the NPA was motivated by his political opinion, either actual or imputed when they attempted to collect revolutionary taxes from him, the BIA's conclusion that Logarta failed to establish a well-founded fear of persecution on account of his political opinion is supported by substantial evidence. See Borja v. INS, No. 97-70272, 1998 WL 122383, at * 3 (9th Cir. Mar. 20, 1998). In light of the record, we conclude that no reasonable factfinder would be compelled to reach a contrary conclusion. See id. at * 4.
 
 
 8
 Because Logarta failed to meet the standard for asylum, we conclude that he necessarily failed to meet the higher standard for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)